IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES GARTEN, | ) | 8:14CV24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KEITH COUNTY ATTORNEY'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 23, 2014. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

# I.    SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Iowa Medical and Classification Center in Coralville, Iowa. (Filing No. 1 at CM/ECF p. 13.) Plaintiff filed his Complaint against the Keith County Attorney's Office and two of its employees, the Nebraska Department of Health and Human Services and three of its employees, Keith County CASA and one of its employees, the Ogallala Police Department, and his ex-wife. (*Id.* at CM/ECF pp. 2, 7.)

Plaintiff alleges his daughter was placed into foster care in May of 2013. In June of 2013, Plaintiff informed "the courts" that he has a court order from Colorado that allows him to write to his daughter. Defendant Sharon Ott, a court appointed special advocate, agreed to deliver Plaintiff's letters to his daughter. (*Id.* at CM/ECF p. 2.) Subsequently, Defendant Mary Cummings, a counselor with the Department

of Health and Human Services, decided to withhold Plaintiff's letters until a time she "feels [his] daughter can handle them." (*Id.* at CM/ECF p. 3.)

Plaintiff alleges that he has asked for his daughter's address, but has been refused, though Plaintiff does not specify who has refused to provide him with it. In addition, Plaintiff has "requested copies of all police reports and evidence in this matter" from the police department and the county attorney's office, but they have not responded to his requests. (*Id.* at CM/ECF p. 8.)

Plaintiff seeks damages in the amount of $2.5 million. (*Id.* at CM/ECF p. 10.) He also seeks an order from this court requiring his ex-wife to notify him within 10 days of any employment or residence changes, to provide him with copies of his daughter's report cards and school pictures, and to provide him with a working telephone number he can use to contact his daughter. (*Id.* at CM/ECF pp. 10-11.) Finally, he asks the court to order his ex-wife to allow visitation between Plaintiff's daughter and Plaintiff's family. (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Plaintiff's Claims for Injunctive Relief

Plaintiff's claims for injunctive relief are subject to dismissal under the domestic relations exception to federal court jurisdiction. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See*, *e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Plaintiff does not allege that his claims arise under the U.S. Constitution. Even if the court were to liberally construe Plaintiff's Complaint to allege that he is somehow being deprived of his parental rights in violation of his constitutional rights, the substance of his claims concern state law domestic relations matters. This is particularly so where it is clear from Plaintiff's allegations and filings that his daughter's care and custody is the subject of a juvenile court case in the Keith County Juvenile Court. (*See*, *e.g.*, Filing No. 15 at CM/ECF p. 5.) Moreover, the type of injunctive relief that Plaintiff seeks falls squarely within the subject of domestic

3

relations between husband and wife and parent and child (e.g., he asks that the court order his ex-wife to notify him within 10 days of any change in her employment or residence, to send him copies of his daughter's report cards and school pictures, etc.). It would appear that the state courts would be better equipped to handle the issues that have arisen in the course of Plaintiff's interactions with his ex-wife and his daughter's caregivers. *See Overman v. U.S.*, 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal quotations omitted).

Further, even if the court did not lack jurisdiction based on the domestic relations exception, the court is without jurisdiction over Plaintiff's injunctive relief claims under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceeding—the Keith County Juvenile Court case—is apparently ongoing. Second, disputes concerning the care and custody of minors implicate important state interests. Third, while Plaintiff has not alleged that his civil rights have been violated, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Furthermore, despite Plaintiff's assertion that he is entitled to $2.5 million in damages, his allegations fail

to show either great or immediate harm. *Younger*, 401 U.S. at 46-47. Accordingly, all of Plaintiff's claims for injunctive relief are dismissed for lack of subject matter jurisdiction.

### B.     Plaintiff's Remaining Claims

In evaluating Plaintiff's remaining claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff states that a basis for federal jurisdiction exists because "the courts at the county and state level refuse to reply to [his] requests for information and paperwork," therefore, "the federal courts are [his] only option for justice." (Filing No. 1 at CM/ECF p. 4.) However, this is not a sufficient basis for this court's jurisdiction.

### 1.     Federal Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private

party's actions can  be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights.  *Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014); *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Here, Plaintiff does  not set forth any allegation that could be liberally construed  to violate any federal statute.  Even if the court were to liberally construe Plaintiff's Complaint to allege that he is somehow being deprived of his parental rights in violation of his constitutional rights, his allegations in this regard are too vague to state a claim for relief.  Accordingly, Plaintiff's allegations do not establish that federal-question jurisdiction exists in this matter.

## 2.    Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may also be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

While a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).  In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (quotation omitted).

Though Plaintiff has not indicated an intention to assert diversity of citizenship jurisdiction, he has provided an Iowa address for himself and Nebraska addresses for Defendants. Accordingly, the court can determine that Plaintiff's citizenship differs from Defendants.' However, the court has serious doubts that the claim for money damages in the amount of $2.5 million is legitimate. Plaintiff fails to state any facts or legal theories alleging why Defendants should be liable to him for this amount. Thus, to the extent Plaintiff intends to assert diversity of citizenship jurisdiction, in accordance with *Trimble*, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject-matter jurisdiction. *See Trimble*, 232 F.3d at 959-60.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims for injunctive relief are dismissed.

2.      Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth the grounds for the court's jurisdiction and to clearly state a claim upon which relief may be granted against Defendants in accordance with Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8 (requiring that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the Plaintiff is entitled to relief). Plaintiff should be mindful to clearly explain in his amended complaint what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice.

3.      If Plaintiff intends to assert diversity of citizenship jurisdiction, Plaintiff will have 30 days from the date of this Memorandum and Order to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional limit.

4.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff address the matters set forth in his Memorandum and Order.

5.       The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 21, 2014: deadline for Plaintiff to amend.

6.      Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 18th day of June, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.