IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES GARTEN, | ) | 8:14CV24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KEITH COUNTY ATTORNEY'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on review of Plaintiff's Amended Complaint. For the reasons discussed below, the court will dismiss this matter for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff is incarcerated at the Iowa Medical and Classification Center in Coralville, Iowa. He filed a Complaint against the Keith County Attorney's Office and two of its employees, the Nebraska Department of Health and Human Services and three of its employees, Keith County CASA and one of its employees, the Ogallala Police Department, and his ex-wife. (Filing No. 1 at CM/ECF pp. 2, 7.) He generally alleged Defendants are impeding his ability to correspond by mail with his daughter. He alleged he has a court order from the State of Colorado that allows him to send correspondence to his daughter.

On June 18, 2014, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 19.) It dismissed Plaintiff's claims for injunctive relief under the domestic relations exception to federal court jurisdiction. In addition, the court determined that, even if it did not lack jurisdiction based on the domestic relations exception, the court lacked jurisdiction over Plaintiff's injunctive relief claims under

the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). As to any remaining claims, the court found that Plaintiff had not stated a sufficient basis for jurisdiction in federal district court. On the court's own motion, the court gave Plaintiff the opportunity to file an amended complaint.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF AMENDED COMPLAINT

Plaintiff filed an Amended Complaint (Filing No. 26) on October 9, 2014. As in his Complaint, Plaintiff alleged a judge in Colorado gave him permission to write

2

letters to his daughter, but Defendants are impeding his ability to do so. It appears from Plaintiff's filings that his correspondence to his daughter is being forwarded to her, but is being filtered through her counselor. (*See* Filing No. 15 at CM/ECF pp. 7-9.) Essentially, Plaintiff's Amended Complaint merely reasserts the claims for relief set forth in his original Complaint.

The only allegation that warrants additional discussion is Plaintiff's claims that Defendant Judge Steenburg is "denying [him] access to the courts and court documentation [he has] requested." (Filing No. 26 at CM/ECF p. 4.) It is well established that judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11. Moreover, a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (quotation omitted).

From the allegations in the Complaint and Amended Complaint, it is clear that in making rulings in Plaintiff's state-court case, Judge Steenburg's actions were clearly judicial in nature. Thus, he is entitled to judicial immunity.

For the reasons set forth in the court's order dated June 18, 2014, Plaintiff's claims for injunctive relief are dismissed under the domestic relations exception to federal court jurisdiction. In the alternative, his claims for injunctive relief are dismissed in accordance with the abstention doctrine set forth in *Younger v. Harris*. To the extent Plaintiff raises additional claims, he has not set forth a sufficient basis for this court's jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action .").

IT IS THEREFORE ORDERED that:

1. For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated August 4, 2014, this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.